UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEMUNCK,<br><br>    Defendant. | Case No. 10-cr-00410-VRW-1 (JST)<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: ECF No. 26 |

Now before the Court is Defendant John de Munck's motion for early termination of supervised release. The Court will grant the motion.

I. **BACKGROUND**[1]

John de Munck was arrested for possessing child pornography in 2004. In 2006, Mr. de Munck was sentenced to 24 months of imprisonment and three years of supervised release. While on supervised release, Mr. de Munck was found in possession of a laptop computer and hard drive that contained child pornography. In 2010, Mr. de Munck again pled guilty to possessing child pornography. Although Mr. de Munck's faced a 10-year mandatory minimum sentence because of his prior conviction, the government recommended, and the Court imposed, a sentence of 97 months because of Mr. de Munck's substantial assistance. The Court also sentenced Mr. de Munck to a term of 10 years of supervised release. Mr. de Munck completed his custodial term in February 2017.

Mr. de Munck is now 85 years old. Since before his release from custody, he has engaged in a continuous effort to understand and end his desire to view child pornography. He has

---

[1] The Court takes the facts from Defendant's motion as they are not disputed.

1  reconnected with his Catholic faith.  He has successfully completed a variety of therapeutic

2  rehabilitation programs, including with Therapy Associates of Solano County, Spero, San

3  Francisco Forensics, and Sharper Future.  He has spent years as a member of Sex Addicts

4  Anonymous.  He has integrated back into the community.  The Probation Office has placed him

5  on "maintenance" status, reflecting that he has completed his supervised release obligations and is

6  at low risk of reoffense.

7      He now asks the Court to terminate his supervised release, contending that he "has

8  completed his treatment programs and no additional supervision is needed to achieve specific

9  deterrence or protect the public" and that he "has rehabilitated, integrated back into the

10  community, and does not require further supervision to reduce the risk of recidivism."  ECF No.

11  26 at 7.  He has fully paid his restitution obligation.  The Government does not oppose his request

12  for early termination.  ECF No. 30.  The Probation Office did not file a response to Mr. de

13  Munck's motion, but the Government represents that "the Probation Office does not support this

14  motion because of Mr. de Munck's previous violation of supervised release."  *Id.* at 1.

15  **II.   LEGAL STANDARD**

16      Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which

17  provides that a court may:

18
19
20
21
> [T]erminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

22  18 U.S.C. § 3583(e)(1); *United States v. Henry*, No. 11-CR-7032-MLH, 2020 WL 4281966, at *2

23  (S.D. Cal. June 23, 2020).  In making that determination, the statute directs the court to "consider

24  [] the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),

25  and (a)(7)."  18 U.S.C. § 3583(c).  Those factors include "the nature and circumstances of the

26  offense and the history and characteristics of the defendant" and "the need . . . to afford adequate

27  deterrence to criminal conduct."  18 U.S.C. § 3553(a).  It is the defendant's burden to justify the

28  early termination of supervised release.  *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir.

2

2006). The defendant is not required to demonstrate exceptional circumstances or undue hardship to prevail on a motion for early termination. *United States v. Ponce*, 22 F.4th 1045, 1047-48 (9th Cir. 2022).

### III. ANALYSIS

In support of his motion, Mr. de Munck cites *United States v. Fulcher*, No. 11-CR-00280-CW, 2023 WL 2672799 (N.D. Cal. Mar. 27, 2023), a case from this district. The defendant in that case, like Mr. de Munck, had been convicted of possession of child pornography and sentenced to a custodial term followed by a ten-year term of supervised release. Like Mr. de Munck, the defendant in that case (1) had been on supervised release for eight years and never violated the terms of his supervised release; (2) had accepted responsibility for his conduct and did not pose a threat to public safety; (3) had completed the sex offender treatment program that was a special condition of his supervised release, as well as other therapeutic programs that were not required by the terms of his supervised release; and (4) had a stable income and housing. *Id.* at *2. Based on the defendant's performance during the first eight years of that release, the court concluded that "the approximately two years that remain of Fulcher's ten-year term of supervised release are not necessary to protect the public or to ensure that he continues on his path to rehabilitation." *Id.*

The Court also finds helpful the decision in *United States v. Scott*, No. 1:11-CV-00171-BLW, 2022 WL 16714148 (D. Idaho Nov. 4, 2022). In that case, a defendant convicted of child pornography moved to terminate supervised release after completing approximately seven years of a 15-year term. The Court found that the defendant's performance on supervision—"a necessary starting point whenever early termination is at issue"—was admirable. *Id.* at *2. The defendant had "maintained a perfect record on supervision for seven years." *Id.* Like Mr. de Munck, he had been placed on a low-level of supervision because of the determination that he was not a danger to the community. *Id.* Based on those facts, the court was satisfied "that further supervision is not needed for deterrence or to protect the public." *Id.* The court also considered the rehabilitative services that the defendant was receiving through U.S. Probation. The court noted that the defendant had "successfully completed all programming that U.S. Probation has offered him, including an apparently intensive set of mandatory programming for sex offenders" and that the

3

defendant was "no longer receiving treatment or other services through U.S. Probation." *Id.* "This indicate[d] that the need to provide the defendant with educational, vocational training or other rehabilitation favors terminating supervision." *Id.*

The present case closely resembles *Scott* and *Fulcher*. Mr. de Munck has performed flawlessly on supervised release over an extended period of time. He has completed all of the rehabilitative programming offered by U.S. Probation, as well as several other programs. The Probation Office has recognized his lack of danger to the community by placing him on maintenance supervision. Mr. de Munck has shown that early termination of supervised release is in the interests of justice. The Court will grant his motion.

## CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release is GRANTED.

**IT IS SO ORDERED.**

Dated: October 1, 2025

_____
JON S. TIGAR
United States District Judge